STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail:  sforman@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO MORA, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC., a North Carolina Corporation; LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company, and DOES 1 through 20, inclusive <br><br> Defendants. | CASE NO.: <br><br> *San Francisco Superior Court Case No.: CGC-20-583249* <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC** <br><br> Complaint Filed:  February 26, 2020 |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendant LOWE'S HOME CENTERS, LLC (hereinafter referred to as "Defendant"), contemporaneously with the filing of this Notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of San Francisco, to the United States District Court, Northern District of California.  The removal is based, specifically, on the following grounds.

///

///

## PLEADINGS, PROCESS, AND ORDERS

1. On February 26, 2020, Plaintiff ALONSO MORA (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of San Francisco by filing a Complaint therein entitled *Alonso Mora v. Lowe's Companies, Inc., et al.,* Case No. CGC-20-583249. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit A**:

    a. Summons;

    b. Complaint; and

    c. Civil Cover Sheet.

2. The documents comprising **Exhibit A** were served on Defendant via personal service through its agent for service of process on September 3, 2020.

3. On September 22, 2020, Defendant filed and served its Answer to Plaintiff's Complaint and Demand for Trial by Jury. True and correct copies of Defendant's Answer and Demand for Trial by Jury are attached hereto collectively as **Exhibit B**.

4. On September 22, 2020 Plaintiff filed a Request for Dismissal dismissing Lowe's Companies, Inc. Only. A true and correct copy of the Dismissal is attached hereto as **Exhibit C.**

5. The attached exhibits constitute all process, pleadings, and orders served upon or by Defendant in this matter.

## DIVERSITY

### A. Citizenship

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Accordingly, this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS. LLC**

7. Plaintiff ALONSO MORA was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California, domiciled in San Francisco, California.

8. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

### B. Fictitious Does

9. Defendants DOES 1 to 20 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint alleges causes of action for premises liability and general negligence. *See,* **Exhibit A**. Plaintiff alleges that on or around January 21, 2019, while plaintiff was shopping at defendant's retail store, plaintiff slipped and fell sustaining bodily injury to his person. *Id.* Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant LOWE'S HOME

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

CENTERS, LLC has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

11.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

12.     A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also, McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

///

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221


13. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes, or a pre-litigation "other paper."

14. On October 8, 2020 Defendant propounded Form Interrogatories, Set One to Plaintiff.  A true and correct copy of the propounded Form Interrogatories, Set One is attached hereto as **Exhibit D**.

15. On November 27, 2020, plaintiff served Defendant with his responses to Form Interrogatories, Set One.  A true and correct copy of Plaintiff's Alonso Mora's Responses to Defendant Lowe's Home Centers, LLC's Responses to Form Interrogatories, Set One, is attached hereto as **Exhibit E.**

16. Plaintiff's Responses to Form Interrogatories, Set One, served on November 27, 2020, demonstrate that Plaintiff is seeking past lost earnings in excess of $75,000. *See*, **Exhibit E.**  Thus, the amount in controversy here exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

17. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 *or* (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

///

18. Plaintiff's Responses to Form Interrogatories, Set One (**Exhibit E**) constitute "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

### **TIMELINESS OF REMOVAL**

19. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Responses to Form Interrogatories, Set One on November 27, 2020, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

20. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed his Complaint on February 26, 2020.

21. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  December  17, 2020

THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Michael Martinovsky, Esq.<br>Law Offices of Michael Martinovsky, P.C.<br>1925 Francisco Boulevard, Suite 17<br>San Rafael, CA 94901<br>Tel: (415) 230-5360<br>Fax: (415) 230-5361<br>Email: michael@martinovskylaw.com | Attorneys for Plaintiff,<br>ALONSO MORA |

5. a.  **X**  **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to **Local Rule 135 and Fed.R.Civ.P. Rule 5,** this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 12/21/2020 | Belinda A. Porras | /s/ Belinda A.Porras |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\31000-000\31717\Pleadings\FEDERAL\Notice of Removal - Final.docx